IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

JOHN RICKART, )
 )
    Plaintiff, )
 )
vs. ) Case No. _____
 )
CASEY'S MARKETING COMPANY d/b/a )
CASEY'S GENERAL STORE, )
 )
    Defendant. )

## ANSWER

Defendant Casey's Marketing Company d/b/a Casey's General Store ("Casey's"), by and through its attorneys, for its Answer to the Petition for Damages, admits, denies, and asserts as follows:

## PARTIES

1. Casey's lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Petition for Damages, and therefore denies the same.

2. Casey's admits paragraph 2 of the Petition for Damages.

3. Casey's admits that based upon the allegations and averments contained in the Petition for Damages, jurisdiction and venue appear proper; however, Casey's also states the federal court has original jurisdiction under the provisions of Title 28 U.S.C. 1332, as amended, in that this is a civil action between citizens of different states as plaintiff is a citizen of Missouri and Casey's is deemed a citizen of Iowa and, in addition, this matter in controversy may exceed the sum or value of $75,000.00, exclusive of interest and costs, and pursuant to the provisions of

Title 28 U.S.C. 1441, Casey's is entitled to removal to federal court. Casey's denies all remaining allegations, if any, in paragraph 3 of the Petition for Damages.

4. Casey's admits that based upon the allegations and averments contained in the Petition for Damages, jurisdiction and venue appear proper; however, Casey's also states the federal court has original jurisdiction under the provisions of Title 28 U.S.C. 1332, as amended, in that this is a civil action between citizens of different states as plaintiff is a citizen of Missouri and Casey's is deemed a citizen of Iowa and, in addition, this matter in controversy may exceed the sum or value of $75,000.00, exclusive of interest and costs, and pursuant to the provisions of Title 28 U.S.C. 1441, Casey's is entitled to removal to federal court. Casey's denies all remaining allegations, if any, in paragraph 4 of the Petition for Damages.

5. Casey's admits that based upon the allegations and averments contained in the Petition for Damages, jurisdiction and venue appear proper; however, Casey's also states the federal court has original jurisdiction under the provisions of Title 28 U.S.C. 1332, as amended, in that this is a civil action between citizens of different states as plaintiff is a citizen of Missouri and Casey's is deemed a citizen of Iowa and, in addition, this matter in controversy may exceed the sum or value of $75,000.00, exclusive of interest and costs, and pursuant to the provisions of Title 28 U.S.C. 1441, Casey's is entitled to removal to federal court. Casey's denies all remaining allegations, if any, in paragraph 5 of the Petition for Damages.

FACTS COMMON TO ALL COUNTS

6. Casey's admits that a man who identified himself as John Rickart claims he stepped in a pothole in the parking lot of the subject store, causing him injury, and Casey's lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Petition for Damages and therefore denies the same.

7. Casey's admits there were no signs related to a pothole in the parking lot posted at the time of the reported subject incident at the subject store, and denies all remaining allegations contained in paragraph 7 of the Petition for Damages.

8. Casey's denies the allegations contained in paragraph 8 of the Petition for Damages.

9. Casey's denies the man who identified himself as John Rickart was unaware of the subject pothole in the parking lot of the subject store before he stepped in it, and denies the remaining allegations contained in paragraph 9 of the Petition for Damages.

10. The allegations contained in paragraph 10 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; however, to the extent a response is required, Casey's admits that to the extent the condition was to be open, obvious, known, or appreciated to Casey's then it was equally so to Plaintiff, Casey's denies an unsafe, hazardous condition existed, and Casey's denies the remaining allegations contained in paragraph 10 of the Petition for Damages.

11. The allegations contained in paragraph 10 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; however, to the extent a response is required, Casey's incorporates by reference its responses as stated in this answer, and denies the remaining allegations contained in paragraph 11 of the Petition for Damages.

## COUNT I – NEGLIGENCE

12. Casey's incorporates by reference its response as stated in paragraphs 1-11 in response to paragraph 12 of the Petition for Damages.

13. Casey's admits Casey's Marketing Company owns and operates the subject store, and denies the remaining allegations of paragraph 13 of the Petition for Damages.

14. The allegations contained in paragraph 14 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; to the extent a response is required, Casey's admits the invitee laws of Missouri apply to invitees at the subject store and denies the remaining allegations if any of paragraph 14 of the Petition for Damages.

15. The allegations contained in paragraph 15 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; to the extent a response is required, Casey's denies the allegations of paragraph 15 of the Petition for Damages.

16. The allegations contained in paragraph 16 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; to the extent a response is required, Casey's denies the allegations of paragraph 16 of the Petition for Damages.

17. The allegations contained in paragraph 17 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; to the extent a response is required, Casey's denies the allegations of paragraph 17 of the Petition for Damages.

18. The allegations contained in paragraph 18 of the Petition for Damages do not contain facts and instead consist of statements and/or conclusions of law or opinion to which this party owes no response; to the extent a response is required, Casey's denies the allegations of paragraph 18 of the Petition for Damages.

19. Casey's denies the allegations of paragraph 19, including subparts a through i, of the Petition for Damages.

20. Casey's denies the allegations contained in paragraph 20 of the Petition for Damages.

21. In further defense, Casey's denies fault and/or negligence and/or recklessness, and states that plaintiff's claims are barred by, or should be reduced, based upon the comparative fault, conduct, and/or negligence of plaintiff, in that he failed to use ordinary care to keep a careful lookout, avoid an open and obvious condition to the extent it was open and obvious to Casey's, and take reasonable precautions that an ordinarily careful person would have under the same or similar circumstances at the time leading up to plaintiff's reported fall, by reason of which plaintiff is not entitled to recover, or plaintiff's recovery, if any, should be reduced according to plaintiff's relative percentage of fault.

22. In further defense, Plaintiff's claim for damages for any injury he might claim to be the result of the subject incident may be pre-existing in nature.

23. In further defense, plaintiff has potentially failed to mitigate plaintiff's damages.

24. In further defense, to the extent plaintiff has been compensated for any of the alleged damages, or will be compensated in the future, including payments from any other entity or person, said compensation shall serve as a reduction due to partial satisfaction and/or a credit against any recovery plaintiff may receive related to this action, pursuant to § 537.060 of the Missouri Revised Statutes, defendant should be entitled to offer evidence of the existence of such agreements in the amounts paid or stipulated to be paid pursuant to such agreements, and defendant reserves the right to have Casey's pleadings conform to the evidence pursuant to Missouri Rule 55.33(b).

25. In further defense, if plaintiff is entitled to any medical expenses, a matter which has yet to be determined and which Casey's wholly denies here, the maximum amount to which plaintiff is entitled is that which is determined by this Court to be reasonable, and which was actually paid to the health care providers in satisfaction of the obligation, for medically necessary treatment rendered as a result of the injuries alleged to have been sustained as a result of this accident, all pursuant to § 490.715 of the Missouri Revised Statutes.

26. In further defense, Casey's denies the nature and extent of the damages claimed by plaintiff.

27. In further defense, Casey's reserves the right to amend this Answer to supplement, and/or add to the affirmative and other defenses as discovery and investigation progress, and/or to conform to the evidence in this case.

Casey's prays that plaintiff take naught by way of the Petition for Damages, that Casey's goes forward with its costs incurred and expended, and for such other and further relief as the Court deems just and proper.

WALLACE SAUNDERS, P.C.

BY: \_\_/s/ Schalie A. Johnson_____
Schalie A. Johnson    MO #59211
200 NE Missouri Road, Suite 224
Lee's Summit, MO 64086
(816) 251-4544   FAX (913) 888-1065
sjohnson@wallacesaunders.com

ATTORNEYS FOR DEFENDANT
CASEY'S MARKETING COMPANY
d/b/a CASEY'S GENERAL STORE

I hereby certify that the above was signed by an attorney of record in this matter and the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following participants, and I hereby certify that a copy of the above was electronically transmitted to the following participants at the email address listed below on the 18th day of May, 2023:

Anthony J. Riggins    MO #67788
DiPasquale Moore, LLC
4600 Madison Avenue, Suite 1200
Kansas City, MO 64112
816-888-7501   FAX 816-888-7519
anthony.riggins@dmlawusa.com
ATTORNEYS FOR PLAINTIFF


　　/s/ Schalie A. Johnson_____
For the Firm

7
102442367.v2    Case 4:23-cv-00338-LMC    Document 2    Filed 05/18/23    Page 7 of 7